# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 428
### JORDAN v. PATRONS MUT. RELIEF ASSN.

Ohio Appeals, 9th Dist., Lorain Co.

No. 318.    Decided March 21, 1927

647. INSURANCE—Where insurer refuses to pay fire loss because of alleged misrepresentations with reference to the ownership of the property, as to membership in order and as to whether or not insurer was estopped from denying liability under the policy, this question should have been submitted to the jury for determination where the record discloses no indication of any intentional fraud or misrepresentation on part of assured, either as to the ownership of the property or as to the membership in said order.

First Publication of this Opinion

FUNK, J.

Katherine Jordon brought suit against the Patrons' Mutual Relief Association in the Lorain Common Pleas to recover loss by fire on a policy of insurance issued by it to her, covering the buildings on a farm in said county in which she had a life estate.

The Association averred that Jordon misrepresented that she was the owner of the property, when she had only a life estate therein; and that she misrepresented that she was a member of the Patrons of Husbandry; and alleges she was not a member of said lodge at the time the policy was issued to her or at the time of the loss by fire and that she knew she was required to be a member of said lodge in order to have her property insured by the Association.

The jury was directed to return a verdict in favor of the Association upon its motion, and error was prosecuted to reverse the judgment entered thereon.   It was contended that the questions concerning the ownership of the property and membership of plaintiff in said lodge, should have been submitted to the jury.   The Court of Appeals held:

1. It clearly appears from the record that there was not the slightest indication of any intentional fraud or misrepresentation on part of plaintiff as to the ownership or as to her membership in the Patrons of Husbandry, and that she paid all assessments levied by defendant up to and after the fire.

2. It is contended by defendant that because the name of the plaintiff was written in the application following the words "the property as above described is owned by" - - -, that it was a misrepresentation on part of Jordon that she was the absolute owner in fee simple of said property instead of having a life estate therein, and that the policy is void by reason thereof.

3. J. S. Jordan, the record discloses, was the husband of plaintiff and formerly owned and had insured the property in his name.

4. Dedenfant was duly notified of the death of plaintiff's husband in 1918 and the policy was transferred to her in accordance with the provisions of the constitution.

5. There is no evidence in the record and no claim that plaintiff made any representation to defendant other than what is written in the application, which was made out by defendant's representative, with no evidence to show that plaintiff told him anything to put into it other than that she asked to have the amount increased.

6. While defendant did not know that J. S. Jordan willed the property to plaintiff during life and at her death to the two sons, until after the fire, it should have known that, in the absence of a will, plaintiff would have had merely a dower interest instead of a life estate unless there were no children; and with this information without making inquiry as to whether there were children or a will, it continued the policy issued to J. S. Jordan until it resurveyed the property in 1923, in the name of the plaintiff, presumably for the benefit of the widow, and heirs or devisees.

7. Under the facts, it would not be an unreasonable inference for a jury to find that the ownership described in the new application, made by defendant's representative, was understood to be the same continued ownership that defendant had notice of when it continued the policy originally issued to J. S. Jordan, in the name of the plaintiff.

8. The entire question as to the ownership whether or not there was any misrepresentation or representation at all made by plaintiff as to the ownership of the property, either at the time the policy was extended within 90 days after the death of J. S. Jordan or at the time of the resurvey, and whether or not defendant was estopped from denying liability for that reason, should have been submitted to the jury.

9. There is nothing in the policy, the by-laws or the constitution of the Association which would prevent it from insuring persons not members of such order; at least there is nothing provided which would void the policy if assured were not a member.

10. As the record shows that plaintiff was a member in good standing and as there is no claim that the hazard of the risk was increased either because plaintiff was not the absolute owner in fee or because she was not a member of said order, this would be some evidence tending to show that defendant was estopped from denying liability on said policy because plaintiff may not have been a member of said order, in good standing.

Judgment reversed and cause remanded.

(Washburn, PJ., and Pardee, J., concur.)

Attorneys—Robert L. Walden, Wellington, for Jordan; C. H. Workman, Mansfield, for Association.